IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE COALITION FOR EQUITY AND EXCELLENCE IN MARYLAND HIGHER EDUCATION, *et al*. | : : : : | |
| v. | : | Civil No. CCB-06-2773 |
| MARYLAND HIGHER EDUCATION COMMISSION, *et al.* | : : : | |

## MEMORANDUM and ORDER

Despite lengthy mediation, the parties in this case have been unable to agree. Accordingly, the court must determine the remedies appropriate to the constitutional violation of unnecessary program duplication that has been found. (See Memorandum issued October 7, 2013, ECF No. 382). Several motions and responses concerning possible remedies and the process for choosing among them are pending and have been reviewed. I have reached the following conclusions.

First, an evidentiary hearing will be necessary to inform the court on the complex question of what remedies are educationally sound, justified by the scope of the violation found, and best targeted to remedy that violation while enhancing rather than harming Maryland's system of public higher education. As has been agreed from the start of this litigation, Maryland's TWI's are no longer segregated, thus distinguishing this case from earlier *Fordice* litigation. It will be important to consider the views of the affected TWI presidents (or their designees) together with those of the leaders of the HBI's. Permitting appropriate fact and expert testimony on both sides is more important than enforcing scheduling deadlines set several years ago before the full scope of the remedial issues was known. Accordingly, the defendants' motion for leave to designate supplemental witnesses (ECF No. 450) is **Granted**. The plaintiffs

will be given the opportunity to depose new defense experts as appropriate.[1]

Second, from a review of the record already before me, it is clear that the defendants' remedial proposals are neither adequate nor sufficiently specific, although collaborative programs are indeed helpful in certain circumstances. On the plaintiffs' side, the proposals for creation of niche areas of programmatic concentration, with increased new and high-demand offerings, appear promising but need more thorough discussion. The extreme proposal of having Morgan State University take over the University of Baltimore, however, will not be considered further. It is apparent from the current record that such a merger is neither educationally sound nor practicable; any numerical benefit as to the racial identifiability of the resulting student body would be outweighed by its academic and financial cost.[2]

Accordingly, the plaintiffs' motion for judgment on their remedial proposal (ECF No. 406) is **Denied without prejudice**. Counsel are encouraged to confer regarding any additional discovery or witness consultation that may be necessary to prepare for a bench trial on remedies and regarding the time that will be needed to present evidence to the court. Proposals should be filed by each side no later than **February 19, 2016**, after which I will set a conference call or meeting in chambers to discuss the appropriate schedule.

**SO ORDERED** this 2nd day of February, 2016.

/S/
Catherine C. Blake
United States District Judge

---

[1] To the extent Dr. Allan Lichtman's opinion focuses on relitigating conclusions reached in my 2013 opinion, it will not be considered for that purpose.

[2] Nor is the court likely to adopt a remedy that would essentially eliminate UMUC.