IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THE COALITION FOR EQUITY AND EXCELLENCE IN MARYLAND HIGHER EDUCATION, INC., ET AL.<br><br>Plaintiffs,<br><br>v.<br><br>MARYLAND HIGHER EDUCATION COMMISSION, ET AL.<br><br>Defendants. | Civil No. 06-2773-CCB |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**MOTION TO COMPEL DISCOVERY RE STANDING**

Defendants recently filed a motion to compel responses to burdensome requests related solely to the issue of Plaintiffs' standing, an issue that was resolved in connection with the Court's merits opinion and need not be revisited. Those requests are overbroad and intrusive, carrying an almost McCarthyesque tone of "are you now or have you ever been" a Coalition member to them. For example, Defendants ask Plaintiffs to "[i]dentify all members of the Coalition for Equity and Excellence in Maryland Higher Education, providing for each member his or her full name; occupational or educational status (including any actual or expected date(s) of graduation; and his or her current association(s) with any MPCU." (*See* Remedies Interrog. No. 1.) Similarly, Defendants ask Plaintiffs to produce "[a]ll documents concerning activities of the Coalition both within and without this litigation." (*See* Remedies Doc. Request No. 5.) These requests are overbroad, irrelevant, and intrusive -- in fact, they violate fundamental privacy and First Amendment rights.

*First*, the entire issue of standing has been legally determined and need not be revisited. This Court correctly held that as long as there is one current student who is a member of the Coalition, the Coalition has standing. (*See* Dkt. No. 382, Opinion at 17) ("so long as one member of the Coalition would have had standing to sue, the Coalition has standing in this case"). Accordingly, at most what Defendants should be entitled to is proof that one current student is currently a member of the Coalition. As will be discussed below, Plaintiffs have hereby tendered such evidence.

*Second*, none of the issues raised by Defendants justifies the fishing expedition they seek. Since the only relevant legal issue is whether there is one current student member of the Coalition, issues such as the Coalition's *entire* membership, the dates of its meetings, or its 501(c)(3) status are irrelevant. Since "the State all but directly admits that any one current student at an HBI would have standing to challenge allegedly segregative policies," and "because any HBI student member of the Coalition would have had standing in this case," the additional evidence sought is irrelevant. (Opinion at 17.) No bylaws, funding documents, IRS status information, membership lists, or records of the Coalition's "activities" are relevant -- they are instead an overbroad and intrusive fishing expedition to an all-volunteer organization.

*Third*, Plaintiffs have provided with this motion (as attachments A-E) evidence of the Coalition's *bona fide* existence as well as a membership that includes current students. (*See* David Burton Declaration (attaching Maryland Certificate of Good Standing); Declarations of Jourdana Claibourn, Brandon Walker, Chinedu Nwokeafor, and David White (current student members).) The bottom line is that the Coalition exists as a current organization and that it has members who are current students, four of whom have submitted declarations in support of this response. There are, in fact, many more Coalition members, whom Plaintiffs would be willing to

identify *in camera* if required. However, that should not be necessary since *only one HBI student* is sufficient for standing.

*Fourth*, Coalition members do not waive their rights to privacy and Defendants' onerous request for *all* members of the Coalition and their detailed personal information -- particularly without adequate safeguards -- is improper. For at least 60 years, the United States Supreme Court has recognized that persons such as the Coalition members here have legitimate privacy and First Amendment rights regarding their membership status. *See NAACP v. Alabama*, 357 U.S. 449, 462 (1958). Given the possibility of retaliatory actions, chilling of free speech, and personal privacy concerns, members of the Coalition do not sacrifice their privacy rights and consent to disclosure of their identity and personal information to the State by becoming members of the Coalition.

*Fifth*, in any event, Plaintiffs have no responsive documents to a number of Defendants' requests and were willing to amend their responses to so indicate when Defendants' precipitously filed their motion to compel in violation of Rule 104. Plaintiffs do not have membership applications or requirements documents, social media documents, or logs of most Coalition activities. In addition, Defendants will be able to fully question Coalition president David Burton regarding standing issues at his deposition.

*Finally*, to the extent any additional information should be deemed necessary and relevant, any request should be narrowly focused with the understanding that the Coalition is an all-volunteer organization with relatively informal procedures and without any staff who can readily assemble detailed information. Any such information request should be fashioned narrowly and steps should be taken to protect the Coalition and its members' privacy and First Amendment rights.

## **BACKGROUND**

After litigating this case for over five years and going through a full trial on the merits, Defendants *for the first time* raised standing in post-trial briefing with this Court. (Def. Post-Trial Br. at Section IV.) The Court initially noted that it was "surprising and disappointing that the State waited until after trial to raise" its standing challenge. (Opinion at 17 n.2.) The Court went on to resolve the standing issue, holding:

> While standing is an important jurisdictional requirement under the Constitution, it exists where "any one" member of an association would have standing to sue individually. *See Warth v. Seldin*, 422 U.S. 490, 511-12 (1975); *Retail Industry Leaders Assoc. v. Fielder*, 475 F.3d 180, 186 (4th Cir. 2007) ("Associational standing may exist even when just one of the association's members would have standing."). Thus, so long as one member of the Coalition would have had standing to sue, the Coalition has standing in this case. Consistent with desegregation jurisprudence, *see, e.g.*, *Rogers v. Paul*, 382 U.S. 198, 199 (1965), the State all but directly admits that any one current student at an HBI would have standing to challenge allegedly segregative policies. (*See* Defs.' Findings ¶¶ 51-54, 71,110.) The founding member of the Coalition has stated, by affidavit, that "students enrolled at Maryland's HBIs have been members of the Coalition throughout the entire duration of this case." (Affidavit of David Burton, ECF No. 367-2, ¶ 3; *see also* Current Student Affidavits, ECF Nos. 367-12, -13, & -14, ¶ 2.) The State has not presented any evidence to rebut this assertion and the court accepts it as fact. Therefore, because any HBI student member of the Coalition would have had standing in this case, the Coalition has standing and the court may proceed to an adjudication on the merits. Furthermore, named plaintiff Muriel Thompson was a current student at Morgan when the case was filed, and the suit could proceed on that basis as well.

(Opinion at 17.) Accordingly, the entire issue of Coalition standing has been already resolved and is law of the case. *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816 (1988) ("when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.").

Despite this history, Defendants served wide-ranging discovery requests regarding standing on the Coalition on September 1, 2016 -- 9 years into the case, 3 years after the merits trial, and just months before the remedies trial. The requests were extremely broad, requesting,

4

by way of example, "[a]ll documents concerning activities of the Coalition both within and without this litigation." (*See* Defendant's Request No. 5.) Regarding membership, the requests sought, *inter alia*, all membership lists (*id.* at No. 2), and "all members of the Coalition for Equity and Excellence in Maryland Higher Education, providing for each member his or her full name; occupational or educational status (including any actual or expected date(s) of graduation; and his or her current association(s) with any MPCU." (Defendants' Interrogatory No. 1.) Plaintiffs objected to the discovery other than agreeing to tender proof of the Coalition's ongoing status and to identify current student members. Defendants rejected that proposal and filed their motion to compel without further negotiation and without complying with Local Rule 104.

In any event, contrary to any speculation in Defendants' motion, the Coalition continues to exist as an organization in the same way it has throughout this litigation. The Coalition's President, Dr. David Burton, has submitted a declaration indicating the ongoing status of the Coalition and the fact that it has current student members. (*See* Burton Decl., Ex. A). In summary:

- Dr. Burton "is currently the President of the Coalition." (*Id.* ¶ 1.)

- The Coalition is and continues to be "an organization engaged in advocacy on behalf of Maryland's HBIs and the current and former students of Maryland's HBIs." (*Id.* ¶ 2.)

- The Coalition "includes both current and former students of all four of Maryland's HBIs, as well as faculty, administrators, and other interested persons." (*Id.* ¶ 3.)

- Current HBI students "have been members of the Coalition throughout the entire duration of this case" and there are currently "enrolled students at each of the HBIs that are members of the Coalition." (*Id.* ¶ 4.)

- The Coalition "participates in a wide variety of activities in pursuit of its advocacy efforts" of which this case is one. (*Id.* ¶ 5.)

- The Coalition is an ongoing entity and has submitted "a certificate of good standing from the State of Maryland reflecting the Coalition's current status." (*Id.* ¶ 6.)

In addition, Plaintiffs have submitted four declarations -- one from a current student at each of the HBIs -- indicating their membership. (*See* Declarations B-E.) The students indicate,

5

*inter alia*, that they are currently enrolled students at Maryland's HBIs and are current members of the Coalition. (*Id*. at ¶¶ 2-3.) The students indicated they fully supported the Coalition and its goals:

> I support the goals and objectives of the Coalition as they relate to this case, including the remedial strategies and recommendations proposed by Plaintiffs, which I believe will help to remedy the injury to students such as myself based on the ongoing segregative effects of Maryland's policy of program duplication. I believe that establishing unique and high-demand programs (that are adequate resourced) that would attract students of all races to Maryland's HBCUs will help remedy that injury.

(*Id*. at ¶ 5.) Accordingly, contrary to Defendants' accusations, the Coalition exists and has members who are current members and currently enrolled students at Maryland's HBIs.

## ARGUMENT

Defendants' motion to compel should be denied because their wide-ranging discovery regarding standing is a fishing expedition regarding issues already determined in this case. The Court has already held that the Coalition has standing so long as least one current student is a member. That is clearly the case and the overbroad discovery sought is unwarranted.

### I. THE STANDING ISSUE HAS ALREADY BEEN DETERMINED.

In its 2013 Opinion, the Court fully addressed the issue of standing, after indicating that the State's objection was tardy. (Opinion at 17 n.2) ("[i]t is surprising and disappointing that the State waited until after the trial to raise, in any substantial way, its challenge to the plaintiffs' standing"). The Court held that "'any one' member of an association would have standing to sue individually." (*Id*.) Accordingly, "so long as one member of the Coalition would have had standing to sue, the Coalition has standing in this case." (*Id*.) The Court concluded that "because any HBI student member of the Coalition would have had standing in this case, the Coalition has standing and the court may proceed to an adjudication on the merits." (*Id*.)

This Court's ruling is now law of the case and should not be disturbed. *Harlow v. Children's Hosp.*, 432 F.3d 50, 55 (1st Cir. 2005). "A court has the power to revisit prior decisions of its own" but "as a rule courts should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson,* 486 U.S. at 817. "A trial court could not operate if it were to yield to every request to reconsider each of the multitude of rulings that may be made between filing and final judgment." Wright & Miller, Fed. Prac. & Proc. § 4478.1 (2d ed.). Defendants have not presented any arguments indicating this Court's ruling was "clearly erroneous." If they cannot challenge the decision, it follows they should not be entitled to seek new, onerous, and irrelevant discovery in support of their motion.

In short, this Court's standing decision is law of the case and there is no reason to revisit the decision. S*ee Allfirst Bank v. Progress Rail Servs. Corp.*, 178 F. Supp. 2d 513 (D. Md. 2001). In any event, *at most* all that is required is for there to be one current student who remains a member of the Coalition. Not surprisingly, this is an easy threshold requirement to meet and Defendants' far ranging discovery is in no way reasonably related to answering this sole question.

## II.   EVIDENCE BEYOND THE INCLUSION OF A CURRENT STUDENT IS IRRELEVANT.

It is axiomatic that only one Plaintiff need have standing for the Court to adjudicate the merits and grant declaratory and injunctive relief. *See, e.g.*, *Retail Indus. Leaders Ass'n v. Fielder*, 475 F.3d 180, 186 (4th Cir. 2007) (citing *Warth v. Seldin*, 422 U.S. 490, 511 (1975)) ("Associational standing may exist even when ***just one*** of the association's members would have standing.") (emphasis added); *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 155 (4th Cir. 2000) (citing *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S.

7

333, 343 (1977)) (explaining an organization has associational standing when "at least one of its members would have standing to sue in his own right"). Plaintiffs readily meet that low threshold and any evidence beyond that is irrelevant.

## III.   PLAINTIFFS HAVE PROVIDED EVIDENCE OF STANDING.

Despite the fact that Plaintiffs have already demonstrated standing, the Coalition is also able to demonstrate that there are current students who are members of the Coalition. In the attached declarations of Four Current HBI Students, the Coalition identifies not just one current student, but one current student from *each* HBI (more than required by law, as described above). Moreover, Dr. Burton has indicated (and will testify at deposition) that there are *additional* current student members that the Coalition would be willing to identify to the Court *in camera* if the Court deems it necessary (in light of legitimate privacy and First Amendment interests, as described below in Part IV.)

Submitted herewith are declarations from four current HBI students who are members of the Coalition. (*See* Attachments B-E.) Each student indicates that he or she is a "current member of the Coalition for Equity and Excellence in Maryland Higher Education, a non-profit organization that advocates on behalf of [Maryland's HBIs]." (*See, e.g.*, White Declaration ¶ 2.) These declarations are more than sufficient to demonstrate standing -- again.

## IV.   PRIVACY AND FIRST AMENDMENT RIGHTS PRECLUDE MORE EXPANSIVE DISCOVERY.

Defendants demand for detailed membership information regarding those affiliated with the Coalition is completely inappropriate. As the government in the McCarthy era typically demanded to know "are you now or have you ever been" a Communist party member, so does the State here demand to know everyone who is affiliated with the Coalition as a member.

Coalition members include, *inter alia*, current faculty, administrators, and students of Maryland's HBIs. Given the clear adversity between the State and the HBIs on whose behalf the remedies in this case are being sought, certain Coalition members -- particularly HBI faculty and administrators -- have a legitimate concern over the State learning about their identity and participation. Accordingly, Coalition members have legitimate privacy, First Amendment, and fear of retaliation concerns with respect to their membership information being provided to the State.

Based on these types of concerns, in *NAACP v. Alabama*, 357 U.S. 449, 462 (1958), the Supreme Court explained why organizations like the Coalition should not have to disclose its membership lists:

> It is hardly a novel perception that compelled disclosure of affiliation with groups engaged in advocacy may constitute as effective a restraint on freedom of association as the forms of governmental action in the cases above were thought likely to produce upon the particular constitutional rights there involved. This Court has recognized the vital relationship between freedom to associate and privacy in one's associations.

*See id.* ("[i]nviolability of privacy in group association may in many circumstances be indispensable to preservation of freedom of association, particularly where a group espouses dissident beliefs"); *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334 (1995) (stating that the First Amendment protects speaker against compelled disclosure of identity).

There is a close relationship between the freedoms of speech and assembly, in that "[e]ffective advocacy of both public and private points of view, particularly controversial ones, is undeniably enhanced by group association". *NAACP v. Alabama*, 357 U.S. at 460. "It is beyond debate that freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of the 'liberty' assured by the Due Process Clause of the Fourteenth Amendment, which embraces freedom of speech." *Id*. Accordingly, compelling organizations to

9

identify membership information has been sharply limited. *See, e.g., In re Search of Information Associated with Facebook Account Identified by Username Aaron.Alexis that is Stored at Premises Controlled by Facebook, Inc.*, 21 F. Supp. 3d 1, 7 (D.D.C. 2013) (rejecting request for membership lists of groups on Facebook as violation of First and Fourteenth Amendment); *Wyoming v. U.S. Dept. of Agri.*, 208 F.R.D. 449, 454 (D.D.C. 2002) (denying request for information from non-profits where "releasing the information would have potential 'for chilling the free exercise of political speech and association guarded by the First Amendment'"); *Lubin v. Agora, Inc.*, 882 A.2d 833, 844-48 (M.D. Ct. App. 2005) (holding that the state was not entitled to compel disclosure of publication subscriber lists because of the "burden that compelled disclosure would place on the First Amendment interests of the individuals identified").

## V. PLAINTIFFS LACK RESPONSIVE DOCUMENTS TO MANY OF THE REQUESTS.

As stated, Plaintiffs have provided herewith evidence of the Coalition's current existence as well as the membership of current students. This information is responsive to Defendants' sole interrogatory regarding standing (*see* Interrogatory No. 1) as well as Defendants' Doc. Request Nos. 1 and 2 (regarding members and status). Plaintiffs have no responsive documents regarding "membership requirements" (Request No. 1), regarding funding (Request No. 4), or regarding a social media presence (Request No. 6). Nor did Plaintiffs refer to any documents in their interrogatory responses. (Request No. 7.) Plaintiffs are willing to confirm the absence of responsive documents on these topics. Combined with the documents Plaintiffs have tendered regarding membership and existence (Interrogatory No. 1 and Request No. 3), Defendants will have been provided all reasonably relevant and available documents.

VI. **ANY ADDITIONAL INFORMATION SHOULD BE NARROWLY FOCUSED AND ADEQUATELY PROTECTED.**

Should *any* additional information be required, Plaintiffs submit it should be narrowly tailored to the standing issue at this stage of the case. If additional information regarding the Coalition's membership should be required, the Coalition must be given adequate time to assemble the requested information (given the 100% volunteer status of the Coalition). Moreover, safeguards must be implemented to ensure that membership information -- which entitle to privacy and First Amendment protections -- is not widely disclosed. Plaintiffs submit that any additional information should be provided to the Court *in camera*, or, at a minimum, should be provided on an outside-counsel's eyes-only basis to Defendants, so that State officials and others working directly for the State do not have access to this information.

## CONCLUSION

For all the foregoing reasons, Defendants' motion to compel should be denied.

Dated: October 28, 2016         Respectfully Submitted,

/s/ Michael D. Jones
Michael D. Jones, Esq. (Bar No. 08634)
Karen N. Walker (Bar No.14181)
Michael Lee Fitzgerald (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Email: mjones@kirkland.com

Jon Greenbaum (*pro hac vice*)
Brenda Shum (*pro hac vice*)
Genevieve Bonadies (*pro hac vice*)
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue, N.W., Suite 400
Washington, DC 20005
Telephone: (202) 662-8600
Email: jgreenbaum@lawyerscommittee.org

11

John C. Brittain (*pro hac vice*)
Attorney At Law
2513 Gadsby Place
Alexandria, VA 22311
Telephone: (832) 687-3007
Email: jbrittatty@comcast.net

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of October, I caused a true and complete copy of the foregoing opposition to be served on the following counsel of record by email and ECF electronic service.


    /s/ Michael D. Jones
        Michael D. Jones