# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE COALITION FOR EQUITY AND EXCELLENCE IN MARYLAND HIGHER EDUCATION, *et al.* | : : : : | |
| v. | : | Civil No. CCB-06-2773 |
| MARYLAND HIGHER EDUCATION COMMISSION, *et al.* | : : : | |

## **MEMORANDUM and ORDER**

The State's motion to compel additional discovery on the issue of standing was preliminarily denied on November 8, 2016. (Order re: Conf. Call, ECF No. 515). I have considered the supplemental memoranda on that issue, and my ruling remains the same for the reasons stated below.

Initially, I note that the State took discovery on standing much earlier in this case, yet did not challenge the plaintiffs' right to proceed until after the liability phase. In the memorandum opinion issued October 7, 2013 (ECF No. 382), I explained why the Coalition had standing based on current student membership. (*Id.* at 17.)

At present, the Coalition has demonstrated its continued existence, and provided declarations of membership from one current student at each of the HBI's, to be corroborated by certificates of good standing from each institution. It is not necessary, as the State argues, for the plaintiffs to prove standing continuously throughout every moment of these protracted proceedings. *See Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 524 (6th Cir. 2001). Further, as there are current students now in the Coalition, there are members who have an interest in and may be affected by any remedy ordered in this case. Accordingly, the case is

not moot.

The State's most recent assertion of a "conflict of interest" among Coalition members is entirely speculative, particularly because an interest in enhancing the "prestige and resources" of an HBI is not necessarily in conflict with an interest in attracting other-race students to that HBI. Nor is it necessary to show "indicia of membership" of the type the State seeks to discover. The cases the State relies on relate to attempts to show standing by organizations that sought to assert the interests of individuals who were not themselves members of the organization. *See, Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 342–45 (1977); *Am. Legal Found. v. FCC*, 808 F.2d 84, 89–90 (D.C. Cir. 1987).

Finally, on this record, there is not sufficient evidence to find standing based on faculty and alumni membership in the Coalition, and the Coalition has clarified that it does not assert organizational standing.

Accordingly, there is no need for further discovery on the issue of standing, and the State's motion to compel (ECF No. 503) is **Denied**.

**SO ORDERED** this 16th day of December, 2016.

                                                                                       /S/
                                                  Catherine C. Blake
                                                  United States District Judge