IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE COALITION FOR EQUITY AND EXCELLENCE IN MARYLAND HIGHER EDUCATION, *et al.* | : : : : | |
| v. | : : | Civil No. CCB-06-2773 |
| MARYLAND HIGHER EDUCATION COMMISSION, *et al.* | : : | |

**MEMORANDUM**

The defendants ("State of Maryland") have filed a motion to stay all proceedings pending appeal. The motion has been fully briefed and, for the reasons stated below, it will be granted.

As the parties agree, the court must consider four factors in determining whether the State is entitled to a stay under Fed. R. Civ. P. 62(c): "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009); *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). The first two factors are the most important, *Nken*, 556 U.S. at 434, and are evaluated on a sliding scale, such that greater harm to the movant requires a lesser showing of likelihood of success on appeal, and vice versa. *In re A&F Enterprises., Inc.,* 742 F.3d 763, 766 (7th Cir. 2014); *see also Goldstein v. Miller*, 488 F.Supp. 156, 172 (D. Md. 1980).

As to the first factor, the trial court does not need to "change its mind or develop serious doubts concerning the correctness of its decision in order to grant a stay," *Goldstein*, 488 F. Supp. at 172, and this court has not done so. But it must be recognized that since *Fordice* was

1

decided in 1992,[1] the Fourth Circuit has had no opportunity to establish guidance for the trial courts in this Circuit. In other *Fordice* litigation, it has not been unusual for the circuit courts to reverse and remand, in part, aspects of the trial courts' rulings. *See, e.g., Ayers v. Fordice*, 111 F.3d 1183, 1228-29 (5th Cir. 1997); *Knight v. State of Ala.*, 14 F.3d 1534, 1556-57 (11th Cir. 1994). Considering the unique circumstances of this litigation, the plaintiffs' proffered statistics on the ordinary rates of reversal in the Fourth Circuit are of limited predictive value. There are sufficient issues to warrant a stay that will permit reasonable appellate review.

As to the second factor, the plaintiffs are correct that the monetary cost of the remedial plan, standing alone, likely would not amount to irreparable harm. But more is involved than the Special Master's fees. A great deal of time and effort by many individuals and public institutions, including inquiries which might be considered intrusions on the governmental process, will be invested in the drafting of a plan without knowing whether the Fourth Circuit ultimately will approve the process.[2] This amounts to significant intangible harm which cannot be evaluated solely in dollars and cents.

The third and fourth factors, harm to the plaintiffs and weighing of the public interest, are alleviated by the same fact relied on, in part, by the plaintiffs in assessing irreparable harm: that is, the length of the delay likely will not be extreme considering that the appeal will be briefed by April 2018 and that the Fourth Circuit moves expeditiously in deciding most of the cases it hears.

In summary, while the court understands and appreciates the plaintiffs' desire to move forward with a remedy, it makes most sense to do so knowing whether – and to what extent – the appeals court finds that remedy justified.

---

[1] *United States v. Fordice*, 505 U.S. 717 (1992).
[2] Indeed, if the plaintiffs prevail on some or all of their cross appeal, the remedy could be substantially altered.

A separate Order follows.

February 6, 2018                                        /S/
Date                                                        Catherine C. Blake
                                                          United States District Judge