IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COALITION FOR EQUITY AND EXCELLENCE IN MARYLAND HIGHER EDUCATION, *et al.*, | * * * | |
| Plaintiffs, | * | Civil Action No. CCB-06-cv-2773 |
| v. | * | |
| MARYLAND HIGHER EDUCATION COMMISSION, *et al.*, | * * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**JOINT MOTION FOR INDICATIVE RULING**

Pursuant to Federal Rule of Civil Procedure 62.1 and the attached conditional settlement agreement, and in light of changed circumstances, the Parties respectfully request that this Court issue an indicative ruling stating that if the case is remanded by the Court of Appeals, this Court will issue an order holding that the commitments set forth in the conditional settlement agreement fully cure any Maryland policy of unnecessary program duplication traceable to *de jure* segregation, thereby fully and finally resolving the above-captioned lawsuit.

Ordinarily, a notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on matters involved in the appeal. *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014). Where a district court cannot issue a ruling because it has been divested of jurisdiction by a pending appeal, it may nonetheless issue an indicative ruling indicating that it would do so if the court of appeals remanded for such

a purpose.  *See* Fed. R. Civ. P. 62.1 ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and pending, the court may . . . state . . . that it would grant the motion if the court of appeals remands for that purpose . . . ."); *see In re: Under Armour Securities Litigation*, 815 Fed. Appx. 748, 749 (4th Cir. 2020) (remanding pursuant to district court's issuance of an indicative ruling under Fed. R. Civ. P. 62.1); *see also* 11 Charles Alan Wright et al., *Federal Practice & Procedure* § 2911 (3d ed.) (discussing Rule 62.1).[1]

Equitable considerations strongly favor granting the requested relief here.  The parties have reached a resolution of their dispute, contingent on a judicial determination that the settlement cures any Maryland policy of unnecessary program duplication traceable to *de jure* segregation of public higher education institutions.  Settlement of civil disputes is favored, to promote "great saving in judicial time and services."  *Central Wesleyan College v. W.R. Grace & Co.*, 6 F.3d 177, 185 (4th Cir. 1993) (quoting *In re A.H. Robbins Co., Inc.*, 880 F.2d 709, 740 (4th Cir. 1989)).  In the present suit, both this Court and the Fourth Circuit have urged the parties to reach a settlement of the dispute.  Indeed, after hearing oral argument of the matter, the Fourth Circuit ordered the parties into mediation, declaring its "firm conviction that this case can and should be settled.

---

[1] Rule 62.1 works in concert with Federal Rule of Appellate Procedure 12.1, which together contemplate a coordinated procedure between the district court and appellate court in determining a party's motion for relief that is otherwise barred pending appeal.  Pursuant to FRAP 12.1, if the district court states that it would grant the motion, the court of appeals may then "remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal."

- 3 -

Otherwise, the parties will likely condemn themselves to endless years of acrimonious, divisive, and expensive litigation that will only work to the detriment of higher education in Maryland." Doc. 76 at 3, *Coalition for Equity and Excellence in Md. Higher Ed. v. State of Md.*, No. 17-2418 (4th Cir. Jan. 2, 2019); *see also* ECF 382 at 59 ("the court strongly suggests that the parties enter mediation"). The terms of the conditional settlement agreement have been developed through the State's legislative process in consultation with Plaintiffs, and this agreement is supported by all parties. Accordingly, the relief now requested by the parties is clearly in the public interest.

For the foregoing reasons, the Court should issue an indicative ruling stating that if the case is remanded by the Court of Appeals, this Court will issue an order providing that the commitments set forth in the conditional settlement agreement fully cure any Maryland policy of unnecessary program duplication traceable to *de jure* segregation, thereby fully and finally resolving the above-captioned lawsuit.

- 4 -

Respectfully submitted,

/s/ Michael D. Jones
MICHAEL D. JONES (Bar No. 08634)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Email: mjones@kirkland.com


JON GREENBAUM
GENEVIEVE BONADIES TORRES
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue, N.E., Suite 400
Washington, DC 20005
Telephone: (202)662-8600
Email: jgreenbaum@lawyerscommittee.org

Attorneys for Plaintiffs

BRIAN E. FROSH
Attorney General of Maryland


*/s/Jennifer A. DeRose*
STEVEN M. SULLIVAN (Bar No. 24930)
JENNIFER A. DEROSE (Bar No. 28374)
Assistant Attorney General

Office of the Attorney General
200 St. Paul Place, 17th Floor
Baltimore, Maryland 21202-2021
jderose@oag.state.md.us
(410) 576-6318

Attorneys for Defendants